# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. EDWARD MCGAWLEY, an individual,<br><br>                        Plaintiff,<br>  vs.<br><br>WMC MORTGAGE CORPORATION, a California corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, GSAMP TRUST 2005-WMC2, ITS SUCCESSORS AND/OR ASSIGNS; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a California corporation; All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title; and DOES 1 through 20, inclusive,<br><br>                        Defendants. | CASE NO. 09 CV 1761 JM POR<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Doc. No. 2 |

Plaintiff D. Edward McGawley ("McGawley") initiated this lawsuit with a complaint in California Superior Court, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, "Compl."). The complaint alleges nine causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) fraud based on intentional misrepresentation; (4) fraud based

1  on negligent misrepresentation; (5) fraudulent concealment; (6) quiet title; (7) violations of state
2  statutes; (8) violations of California Business and Professions Code § 17200; and (9) injunctive relief.
3  (Compl.). Defendants WMC Mortgage Corporation ("WMC") and Deutsche Bank National Trust
4  Company ("Deutsche") timely removed the action to this court based upon federal question
5  jurisdiction, 28 U.S.C. § 1331, provided by the first two causes of action. (Doc. No. 1).

6  Pending before the court is Deutsche's motion to dismiss the complaint for failure to state a
7  claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). (Doc. No. 2). Defendant's
8  motion was accompanied by a request for judicial notice. (Doc. No. 4). To date, Plaintiff has filed
9  no opposition nor a statement of non-opposition as required by Civil Local Rule 7.1. When an
10 opposing party does not file papers in the manner required by Civil Local Rule 7.1(d)(2), the court
11 may deem the failure to "constitute a consent to the granting of a motion or other request for ruling
12 by the court." Civ. L.R. 7.1(f)(3)(c). Notwithstanding Plaintiff's failure to respond, the court reviews
13 the motion on the merits to ensure dismissal is appropriate.

14 For the reasons set forth below, the court GRANTS Defendants' motion to dismiss without
15 prejudice.

16 **I.   BACKGROUND**

17 McGawley was the owner of real property in San Diego. (Compl. ¶ 46). In July of 2005,
18 McGawley sought to refinance his home loan through WMC. (Compl. ¶ 47). McGawley obtained
19 a $500,000 mortgage secured by a deed of trust on his property that was recorded on August 12, 2005
20 in the San Diego County Recorder's Office. (Doc. No. 4, Ex. A).

21 In June of 2008, WMC initiated foreclosure proceedings on McGawley's property. (Doc.
22 No. 4, Ex. B). The notice of default indicated that McGawley's loan was $26,025.70 in arrears. (Doc.
23 No. 4, Ex. B). On September 5, 2008, a notice of trustee's sale was recorded against the property.
24 (Doc. No. 4, Ex. D).

25 **II.   LEGAL STANDARDS**

26 A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. *De*
27 *La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe
28 the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in

1  the complaint and any reasonable inferences drawn therefrom.  *See, e.g.*, *Broam v. Bogan*, 320 F.3d
2  1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,
3  the complaint's "factual allegations must be enough to raise a right to relief above the speculative
4  level...."  *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v.*
5  *Twombly*, 550 U.S. 544, 555 (2007).  The court should grant 12(b)(6) relief only if the complaint lacks
6  either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  *Balistreri*
7  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8        In testing the complaint's legal adequacy, the court may consider material properly submitted
9  as part of the complaint or subject to judicial notice.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th
10 Cir. 2007).  Under the "incorporation by reference" doctrine, the court may refer to documents "whose
11 contents are alleged in a complaint and whose authenticity no party questions, but which are not
12 physically attached to the [plaintiff's] pleading."  *Janas v. McCracken (In re Silicon Graphics Inc.*
13 *Sec. Litig.)*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).  Consideration of
14 matters of public record "does not convert a Rule 12(b)(6) motion to one for summary judgment."
15 *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other*
16 *grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991).  To this end, the
17 court considers the first Deed of Trust, as sought by Defendants in their Request for Judicial Notice.
18 (Doc. No. 4, Ex. A).

19 **III.    DISCUSSION**

20       Many of McGawley's claims are barred by their respective statutes of limitations.  His TILA
21 claim for damages and his RESPA claim are barred by one-year statutes of limitations.  15 U.S.C. §
22 1640(e); 12 U.S.C. § 2614.  His fraud claims are barred by California's three-year statute of
23 limitations for fraud actions.  Cal. Code. Civ. Proc. § 338(d).  McGawley's claim under California
24 Business and Professions Code section 10241 is barred by its two-year statute of limitations.  Cal. Bus.
25 & Prof. Code § 10248.2(d).  Moreover, McGawley has not pled any facts to suggest he is entitled to
26 equitable tolling of the statutes of limitations.  *Cf. Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79
27 (9th Cir. 1996).         California Civil Code section 2937 only applies when a mortgage servicer
28 changes.  Cal. Civ. Code § 2937.  McGawley does not allege that his servicer changed, therefore his

1  section 2937 claim fails. McGawley's claims under California Civil Code section 2932.5 and "SB
2  1137" fail because he fails to allege anything other than conclusory statements, which do not constitute
3  facts sufficient to support a cognizable legal theory.
4        Finally, McGawley's other claims require at least one of the former causes of action as a
5  predicate. Actions to quiet title and for injunctive relief require some other legal basis. McGawley's
6  claim under California Business and Professions Code section 17200 also requires some predicate act.
7  *See* Cal. Bus. & Prof. Code § 17200. Since all McGawley's other claims are dismissed, these claims
8  must fail as well.
9        For the foregoing reasons, Defendant's motion to dismiss is GRANTED without prejudice.
10 Plaintiff shall file an amended complaint no later than October 30, 2009.
11       **IT IS SO ORDERED.**
12 DATED: October 19, 2009

                                        Hon. Jeffrey T. Miller
                                        United States District Judge